IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:08-726-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jackie Kevin Holliday, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts one claim for relief, ineffective assistance of counsel. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion on September 30, 2010. For the reasons set forth below, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

**BACKGROUND**

Defendant was indicted, together with his brother and three other individuals, for involvement in a conspiracy to distribute cocaine and "crack" cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846, and a substantive count of distribution of a quantity of cocaine, a violation of 21 U.S.C. § 841(b)(1)(C).[1]

On December 3, 2008, Defendant pleaded guilty to the conspiracy count pursuant to a written plea agreement. The agreement provided, in part, for the cooperation of Defendant with the

---

[1]Defendant was also charged with aid and abet as to the distribution count, a violation of 18 U.S.C. § 2.

1

Government and further provided that, in the event that Defendant's cooperation resulted in substantial assistance to the Government, the Government would move for a reduction in the defendant's sentence, either at sentencing, under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal Procedure 35(b).

A Presentence Report (PSR) was prepared by the United States Probation Office which determined that Defendant faced an advisory sentencing guideline range of 262 to 327 months' imprisonment. Defendant filed fifteen objections to the PSR. On May 11, 2009, Defendant appeared for sentencing and withdrew all of his objections to the PSR. At sentencing, the Government moved for downward departure under U.S.S.G. § 5K1.1. The Government's motion was granted, and Defendant was sentenced to 168 months' imprisonment. The Judgment Order was entered May 13, 2009. Defendant did not appeal his sentence, and thereafter filed the currently-pending motion for relief under 28 U.S.C. § 2255.

**TIMELINESS**

The Fourth Circuit has held that the time limits contained in § 2255 are not a jurisdictional bar to an untimely motion for relief under § 2255. Therefore, the one-year time limit in which to file for relief "is subject to equitable tolling, at least in principle." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). Equitable tolling is, however, "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. Defendant would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2) beyond [his] control or external to [his] own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Equitable tolling is generally reserved for those instances where some wrongful conduct of the opposing party

2

(in this case, the the Government) prevented Defendant from filing a motion, or extraordinary circumstances beyond Petitioner's control made it impossible to timely file the claim. *See Harris*, 209 F.3d at 330.

Defendant contends that he was "on writ to this court" from January 2010 through May 2010 and therefore "was not able to craft his 2255" within the statutory time limit. Memo. in Supp. at 3 (Dkt. # 332-1, filed June 22, 2010). However, while he may have been "on a writ to this court," this does not explain why he could not have filed his motion relatively soon after he was sentenced, given the simplicity of his assertion. Therefore, Defendant's motion is untimely. However, Defendant's motion also fails on the merits for the reasons discussed below.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant's only claim for relief contends that he received ineffective assistance of counsel because his attorney "failed to properly secure the desired and promise[d] sentence arising from the agreed upon plea agreement." Mot. at 5 (Dkt. # 332, filed June 22, 2010). Defendant contends that counsel was ineffective because he did not receive "the same sentence [that Defendant's] brother received for the identic[al] charges and same plea agreement." *Id*.

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506

3

U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective," *Lockhart*, 506 U.S. at 369. Instead, a proper prejudice analysis must consider "whether the result of the proceeding was fundamentally unfair or unreliable." *Id*. As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id*. at 369-70.

In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Strickland*, 466 U.S. at 697.

Sentencing is a critical stage of the trial proceedings, thereby entitling a defendant to effective assistance of counsel. *See United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Counsel's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." *Id*. at 136.

Defendant's claim is without merit. It was within this court's discretion, after considering the statutory sentencing factors found in 18 U.S.C. § 3553, to sentence Defendant to a sentence within the statutory minimum and maximum which was sufficient, but not greater than necessary, to address the offense conduct. Moreover, there was no stipulation between the parties, in his plea agreement or elsewhere, that could have guided this court's exercise of its sentencing discretion authority.

Defendant contends that counsel erred in not recognizing "the mistake" (his receipt of a four-

4

level adjustment in his sentence based on his role in the offense) in his PSR which allegedly resulted in Defendant receiving a higher sentence than his brother. However, counsel filed an objection on Defendant's behalf addressing the merits of Defendant's concern relating to his role in the offense. At sentencing, Defendant voluntarily withdrew all of his objections, acknowledging that this would mean the information in the PSR would remain as it had been written. *See* Sen. Tr. at 4-6 (Dkt. # 346, filed Aug. 16, 2010). Therefore, as counsel filed an objection to the very issue about which Defendant now complains, he was not ineffective.

### **CONCLUSION**

Defendant's motion for relief is untimely. Additionally, as to the merits of Defendant's motion, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 25, 2010